# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BARRETT YOUNG III** and **MICHELE YOUNG**, Individually and as Administrators of the **ESTATE OF ROMAN YOUNG**, and as Parents and Natural Guardians of **C.Y.**, a minor c/o Bosworth Law LLC 123 South Broad Street, Suite 1100 Philadelphia, PA 19109 | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

       *Plaintiffs*

 v.

**DANIEL BOONE AREA SCHOOL DISTRICT**
501 Chestnut Street
Birdsboro, PA 19508

*And*

**DANIEL BOONE AREA INTERMEDIATE CENTER**
200 Boone Drive
Douglassville, PA 19518

*And*

**KRISE TRANSPORTATION, INC.**
1325 Scotland Ave. Extension
Punxsutawney, PA 15767

*And*

**AMITY TOWNSHIP POLICE DEPARTMENT**
2004 Weavertown Road
Douglassville, PA 19518

       *Defendants.*

## COMPLAINT

Plaintiffs, David Barrett Young III and Michele Young, individually and as administrators of the Estate of Roman Young, and as parents and natural guardians of minor-plaintiff, C.Y., by and through their attorney, Thomas E. Bosworth, Esq. of Bosworth Law LLC, allege as follows:

## PARTIES

1.      Plaintiff, David Barrett Young III, father of Roman Young, is an adult citizen and resident of the Commonwealth of Pennsylvania, and can be contacted through his counsel, Thomas E. Bosworth, Esquire of Bosworth Law LLC, 123 South Broad Street, Suite 1100, Philadelphia, Pennsylvania 19109.

2.      Plaintiff, Michele Young, mother of Roman Young, is an adult citizen and resident of the Commonwealth of Pennsylvania, and can be contacted through her counsel, Thomas E. Bosworth, Esquire of Bosworth Law LLC, 123 South Broad Street, Suite 1100, Philadelphia, Pennsylvania 19109.

3.      Plaintiffs, David Barrett Young III and Michele Young, are married and are the parents of Roman Young.

4.      Roman Young died at the age of nine (9) on September 8, 2022.

5.      Minor-plaintiff, C.Y., is the eldest son of plaintiffs, David Barrett Young III and Michele Young, and minor-plaintiff, C.Y., is the older brother of decedent, Roman Young.

6.      Defendant, Daniel Boone Area School District ("DBASD"), is a municipal corporation or other corporate entity organized in and incorporated in the Commonwealth of Pennsylvania, with its principal place of business located at 501 Chestnut Street, Birdsboro, Pennsylvania 19508.

7.     At all times material hereto, defendant DBASD has owned, operated, managed, staffed, overseen, supervised, controlled, and maintained responsibility for and over a school known as Daniel Boone Area Intermediate Center.

8.     Defendant, Daniel Boone Area Intermediate Center, is a private corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 200 Boone Drive, Douglassville, Pennsylvania 19518.

9.     Defendant, Krise Transportation, Inc., is a private corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1325 Scotland Avenue Extension, Punxsutawney, Pennsylvania 15767.

10.     Defendant, Amity Township Police Department, is a municipal organization that is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 2004 Weavertown Road, Douglassville, Pennsylvania 19518.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiffs' claim arise under The Fourteenth Amendment to the United States Constitution, The Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

12.     This Court has subject matter jurisdiction over all state-law claims pled in this action pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, and/or transact business in this District.

14.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to the claims occurred in this District.

## FACTS

15.     In early September 2022, Roman Young, age 9, began attending fourth grade at Daniel Boone Area Intermediate Center.

16.     Prior to September 2022, Roman Young attended Daniel Boone Area School District in an environment free from bullying, harassment, and abuse, which was the status quo.

17.     Immediately upon beginning the school year in September 2022, Roman began to be severely bullied, harassed, and assaulted by classmates of his on the school bus and also at school.

18.     Defendant, Krise Transportation, Inc., by and through their agents and/or employees—namely, the bus-driver employees who transported Roman to and from school—personally observed and witnessed the bullying, harassment, and assaults that Roman was suffering on a repeated basis in early September 2022.

19.     Despite obtaining actual knowledge that Roman was being serially abused, harassed, and assaulted on the bus, the bus-driver employees from defendant, Krise Transportation, Inc., failed to report this abuse, harassment, and assault to any superiors, teachers, principal, or employees at Daniel Boone Area School District of Daniel Boone Area Intermediate Center as required.

20.     Despite obtaining actual knowledge that Roman was being serially abused, harassed, and assaulted on the bus, the bus-driver employees from defendant, Krise Transportation, Inc., failed to report this abuse, harassment, and assault to any law enforcement or governmental agency as required.

21.     Throughout early September 2022, employees of Daniel Boone Area Intermediate Center and Daniel Boone Area School District, personally observed and witnessed Roman being bullied, harassed, and assaulted by other students while at school.

22.     Despite obtaining actual knowledge that Roman was being serially abused, harassed, and bullied by classmates, these employees of Daniel Boone Area Intermediate Center and Daniel Boone Area School District repeatedly placed Roman into the open school setting, with no safeguards, where the bullying and harassment was permitted to continue unabated.

23.     On September 7, 2022, while on the bus being driven by an employee of Krise Transportation, Inc., Roman was punched by another classmate on the bus. The bus driver for Krise Transportation, Inc., witnessed Roman get punched yet failed to do anything about it.

24.     Also on September 7, 2022, Roman reported to the school nurse's office at the Daniel Boone Area Intermediate Center at 12:13 p.m. in crisis. During this time, Roman was psychiatrically and psychologically unstable, crying, and vomiting due to the severity of the bullying, harassment, and assaults he had been enduring the first week of school.

25.     Despite personally observing Roman psychiatrically and psychologically unstable, crying, and vomiting due to the severity of the bullying, harassment, and assaults he had been enduring the first week of school, the school nurse failed to perform an adequate assessment of Roman to thoroughly uncover and detect the underlying cause of his instability: being bullied, harassed, and assaulted on a repeated and serial basis.

26.     Also on September 7, 2022, Roman was sent to see a school guidance counsel, Jessica O'Rourke, at Daniel Boone Area Intermediate School by his teacher, Peter Denunzio, because Roman was being bullied and visibly in a state of mental instability and despair that was obvious to Mr. Denunzio.

5

27.     During Roman's meeting with guidance counselor, Jessica O'Rourke, Roman displayed obvious signs of acute psychological distress, all of which were so pervasive and severe that this guidance counselor knew that Roman was at imminent risk of suicide and self-harm. Despite displaying these obvious signs to guidance counselor, Jessica O'Rourke, this guidance counselor affirmatively placed Roman back into the open school setting where he was unprotected from his bullies/abusers/aggressors and unprotected in an environment where Roman had free access to pursue suicidal and self-harming behaviors.

28.     Following guidance counselor Jessica O'Rourke's meeting with Roman on September 7, 2022, Mrs. O'Rourke could and should have immediately initiated steps to ensure Roman was admitted to a licensed healthcare facility for assessment and treatment of Roman's acute mental and psychiatric crisis.

29.     On September 7, 2022, despite Roman presenting to the school nurse vomiting, crying, and in a clear state of mental instability, and also presenting to the guidance counselor in a similar state of acute psychological crisis, there was woefully inadequate communication between Roman's teacher (Peter Denunzio), the school nurse (Courtney Raneiri), and the guidance counselor (Jessica O'Rourke) regarding Roman's active suicidal crisis.

30.     On September 7, 2022, employees of the Daniel Boone Area Intermediate Center called Roman's parents on the telephone and, during this conversation, affirmatively misrepresented the mental state that Roman was in, and also affirmatively concealed from Roman's parents the abuse, harassment, and bullying that Roman had been enduring at school and on the bus which the defendants knew about. During this phone call, the defendant school's employees told Roman's mother merely that he had "gotten sick" at lunch.

6

31.     On September 8, 2022, the following day, Roman Young took his own life by gunshot wound to the head. Roman's older brother, C.Y., a minor, found his brother, Roman, with a self-inflicted gunshot wound to the head.

32.     Following Roman's death, Krise Transportation, Inc., destroyed and failed to preserve the video surveillance footage of the abuse, harassment, and bullying that Roman suffered on the school bus in September 2022.

33.     Following Roman's death, Daniel Boone Area School District and Daniel Boone Area Intermediate School, affirmatively concealed information from plaintiffs that plaintiffs are and were entitled to obtain regarding the circumstances of their son Roman's abuse and bullying at school, and Roman's interactions with employees at the school, including the nurse, guidance counselor, and teachers in the days leading up to Roman's death.

34.     The guidance counselor who Roman spoke to on September 7, 2022, the day before his suicide death, outright refused to speak with plaintiffs, Roman's parents, despite their request to speak with her.

35.     Following Roman's death, the incident was investigated by Amity Township Police Department.

36.     Immediately upon Roman's death, Detective Shawn O'Rourke (the husband of guidance counselor, Jessica O'Rourke) from Amity Township Police Department was assigned to investigate the circumstances leading up to and surrounding Roman's death.

37.     Detective Shawn O'Rourke is and was, at all times material hereto, the husband of the defendant school guidance counselor, Jessica O'Rourke, who had encountered Roman in her office the day before Roman's suicide death.

38.     Amity Township Police Department, at all times, knew that their detective, Shawn O'Rourke, was married to the defendant school's guidance counselor, Jessica O'Rourke.

39.     Amity Township Police Department, at all times, knew that it was a conflict of interest, improper, biased, and unlawful for Detective O'Rourke to have any involvement in the investigation of the circumstances of Roman's death given that Detective O'Rourke was married to the school guidance counselor who had encountered and come into contact with Roman the day prior to Roman's death.

40.     Despite knowing that it was unlawful, improper, biased, and a conflict of interest for Detective O'Rourke to be involved in the Roman Young investigation, Amity Township Police Department consciously disregarded the unlawfulness of their conduct and affirmatively decided to keep Detective O'Rourke involved in the investigation.

41.     From September 8, 2022, and continuing to this day, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center have utilized their employee, Jessica O'Rourke, to actively conspire with the Amity Township Police Department to conceal the obvious evidence of wrongdoing, negligence, and liability of defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center with respect to their treatment and handling of Roman Young's acute psychiatric crisis in the days leading up to Roman's suicide death.

42.     From September 8, 2022, and continuing up through today, defendants have knowingly used and taken advantage of the marital relationship between Detective O'Rourke and guidance counselor, Jessica O'Rourke, to dilute, hamper, and impede the investigation into Roman Young's death all for the purpose of trying to avoid civil liability due to the obvious negligence

and wrongdoing of Detective O'Rourke's wife, Jessica O'Rourke, and other employees at Daniel Boone Area School District and Daniel Boone Area Intermediate Center.

43.     As the defendants continued to internally investigate and gather facts about the days leading up to Roman Young's death, the defendants realized and understood their significant liability exposure given the blatant negligence, constitutional violations, wrongdoing, and recklessness of Daniel Boone Area School District and Daniel Boone Area Intermediate Center.

44.     Upon realizing and appreciating this significant liability exposure, defendants continued to conspire to affirmatively harass and threaten the plaintiffs—grieving parents who had lost their 9 year-old son.

45.     To this end, defendants, Daniel Boone Area Intermediate Center and Daniel Boone Area School District, hired and retained a massive, multi-national corporate law firm to send threatening letters to plaintiffs, accusing them of being "aggressive," and notifying them that they were not permitted on school property.

46.     At the same time, defendants simultaneously conspired to use the Amity Township Police Department (again, where guidance counselor O'Rourke's husband was the lead detective on Roman's case), to follow, stop, harass, and threaten plaintiffs. The defendants engaged in this course of conduct in an attempt to dissuade, scare, and prevent the plaintiffs from continuing to try to obtain information that plaintiffs were lawfully entitled to regarding the circumstances leading up to their son Roman's death.

47.     Throughout the investigation by the Amity Township Police Department, members of the Amity Township Police Department intentionally and purposely lied to the plaintiffs by falsely telling the plaintiffs that Amity Township Police Department had not obtained any evidence that Roman was being bullied or mistreated leading up to his death.

48.     When the members of the police department made these statements to the plaintiffs, the police department members knew that the statements were false because these members of the police department had, in fact, obtained direct evidence, including multiple eyewitness statements, confirming that Roman had been bullied and assaulted in the days leading up to his suicide death.

49.     Members of Amity Township Police Department lied to the plaintiffs about this for the purpose of trying to prevent plaintiffs from obtaining information that was negative and damaging to the defendant school where Detective O'Rourke's wife worked. This information, which Amity Township Police Department has actively concealed or tried to conceal, clearly imposes liability on Detective O'Rourke's wife (and others at the school) for their misconduct and wrongdoing in the twenty-four (24) hours leading up to Roman's suicide death.

50.     At all times material hereto, Amity Township Police Department had a policy, custom, and practice of refusing to acknowledge conflicts of interest in law enforcement investigations and failing to ensure impartiality of any such investigations.

51.     At all times material hereto, Amity Township Police Department had a policy, custom, and practice that failed to adhere to constitutional standards for investigating incidents and cases of death, including the death of Roman Young.

52.     At all times material hereto, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, had unconstitutional customs, policies, and practices in place regarding the assessment, investigation, and referral of students with suicidal ideations or at risk for suicide.

53.     Prior to the death of Roman Young, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center repeatedly failed to adequately respond to prior instances of bullying at their school.

54.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, were deliberately indifferent and consciously disregarded the known and obvious risk of suicide, death, and self-harm to Roman Young.

55.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, had notice of a pattern of prior constitutional violations by their employees in both failing to adequately respond to bullying and failing to properly assess and respond to signs of suicide or self-harm in students.

56.     At all times, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, failed to adequately train their employees, including the school nurse and guidance counselor who encountered Roman Young on September 7, 2022, on the proper assessment and detection of suicidality in students.

57.     At all times, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, had an unconstitutional custom, practice, and policy of ignoring and not applying well-established anti-bullying policies and guidelines.

58.     The conduct of the defendants as averred throughout this Complaint constitutes actual fraud, actual malice, and willful misconduct.

59.     Based on all of the conduct averred throughout this Complaint, defendants violated Roman Young's clearly established constitutional right, pursuant to the Fourteenth and Eighth Amendments to the U.S. Constitution, to bodily integrity.

60.     Defendants also violated Roman Young's clearly established constitutional right, pursuant to the Fourteenth Amendment to the U.S. Constitution, to not be affirmatively placed into an environment in which it is clear that harm is likely to occur.

61.    Defendants also violated Roman Young's clearly established constitutional right, pursuant to the Fourteenth Amendment to the U.S. Constitution, to be free from unjustified intrusions upon his personal security.

62.    At all times as averred throughout this Complaint, the Defendants were deliberately indifferent to Roman Young in that the Defendants knew of and disregarded an excessive risk to Roman's health and safety.

63.    As a direct and proximate cause and result of the affirmative conduct, deliberate indifference, intentional acts, unconstitutional conduct, negligent acts and omissions, and recklessness of the Defendants and their agents and/or employees, as stated throughout this Complaint and all of which shocks the conscience, Plaintiffs and Roman Young suffered the following avoidable injuries and damages:

   a)   Death;

   b)   Physical abuse;

   c)   Psychological abuse;

   d)   Bullying;

   e)   Past and future physical pain and suffering;

   f)   Past and future mental, psychological, and emotional distress and suffering;

   g)   Past and future medical bills and expenses;

   h)   Past and future loss of income and earning capacity;

   i)   Past and future loss of life's pleasures;

   j)   Past and future severe emotional distress;

   k)   Past and future psychological harm and damage;

   l)   Past and future embarrassment;

m) Past and future disfigurement;

n) Past and future humiliation; and

o) Punitive damages.

64.     The injuries and damages to Roman Young and the injuries and damages to Plaintiffs were caused solely by the affirmative conduct, deliberate indifference, intentional acts, unconstitutional conduct, negligent acts and omissions, and recklessness of the Defendants and their agents and/or employees, as stated throughout this Complaint and all of which shocks the conscience.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## COUNT I – STATE-CREATED DANGER PURSUANT TO 42 U.S.C. § 1983
### Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center

65.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

66.     As averred throughout this Complaint, the harm ultimately caused to Roman Young due to the bullying, harassment, and assault of his classmates was foreseeable to defendants and fairly direct. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center knew that Roman was being bullied, harassed, and assaulted by his classmates at school. These defendants also knew that Roman Young was displaying and exhibiting clear signs of psychiatric distress and suicidality.

67.     Despite this knowledge, as averred throughout the Complaint, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, repeatedly, unlawfully,

intentionally, and deliberately placed Roman into an environment where they knew that this environment posed a serious risk of bodily injury or death to Roman. This conduct, particularly in light of what these defendants knew and observed regarding Roman Young and Roman's classmates' conduct toward Roman, shocks the conscience.

68.     At all times, a special relationship existed between defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center and Roman Young. These defendants were Roman's educators and responsible for the wellbeing and safety of Roman Young, who was at all times a minor and therefore unable to make decisions on his own, including where he was permitted to be while on defendants' school property. At all times, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, had the authority to decide whether or not to release Roman into a dangerous environment where Roman was at known risk for bullying, harassment, assault, physical injury, psychological harm, and suicide, which these defendants repeatedly and intentionally did.

69.     Roman Young's relationship to defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center—which was that of a minor-child student and school—made him a discrete class of persons subjected to potential harm brought about by these defendants actions, as opposed to a member of the public in general.

70.     As averred throughout the Complaint, defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, affirmatively used their authority to place Roman Young into an environment where they knew Roman was the ongoing victim of serial abuse, harassment, bullying, and torment. Had these defendants not misused their authority in this manner, Roman Young would have been placed in this environment, and would be alive today.

14

71.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, affirmatively used their authority to communicate and transmit misinformation and false information to Roman's parents (the plaintiffs) on September 7, 2022, during the telephone call in which defendants' agents and/or employees inaccurately and misleadingly told plaintiffs that Roman was merely not feeling well at school. Had these defendants not misused their authority in this manner, Roman Young would be alive today.

72.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, affirmatively used their authority to repeatedly place Roman Young onto the Krise Transportation, Inc., school bus, day after day, despite knowing that Roman Young was being subjected to bullying, abuse, and harassment on the school bus at the hands of the same classmates who defendants also knew were serially abusing, harassing, and assaulting Roman Young on defendants' school property. Had these defendants not misused their authority in this manner, Roman Young would be alive today.

73.     Defendants, Daniel Boone Area School District's and Daniel Boone Area Intermediate Center's affirmative use of their authority repeatedly rendered Roman Young more vulnerable to danger than had these defendants not acted at all and increased the risk of danger to Roman Young.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## COUNT II – *MONELL* CLAIM FOR UNLAWFUL CUSTOMS, PRACTICES, AND POLICIES PURSUANT TO 42 U.S.C. § 1983
### Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center

74.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

75.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, each maintained, enforced, and promulgated unlawful and deliberately indifferent official customs, practices, and policies with respect to addressing, handling, responding to, and remediating bullying of students, including Roman Young.

76.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, each maintained, enforced, and promulgated unlawful and deliberately indifferent official customs, practices, and policies with respect to evaluating, detecting, responding to, and addressing signs of self-harming behaviors and suicide in students, including Roman Young.

77.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, each maintained, enforced, and promulgated unlawful and deliberately indifferent official customs, practices, and policies with respect to ensuring the safety of students to and from school being transported by school bus.

78.     The customs, practices, and policies maintained by these defendants with respect to addressing, handling, responding to, and remediating bullying of students mandated a continuing violation of the law by ignoring their obligation, pursuant to law and their own internal policies, to address, handle, respond to, and remediate bullying of students in an expeditious and thorough manner.

16

79.     The customs, practices, and policies maintained by these defendants with respect to evaluating, detecting, responding to, and addressing signs of self-harming behaviors and suicide in students mandated a continuing violation of the law by ignoring their obligation, pursuant to law and their own internal policies, to properly and timely evaluate, detect, respond to, and address signs of self-harming behaviors and suicide in students.

80.     The customs, practices, and policies maintained by these defendants with respect to ensuring the safety of students to and from school being transported by school bus mandated a continuing violation of the law by ignoring their obligation, pursuant to the law and their own internal policies, to ensure the safety and wellbeing of their own students to and from school being transported by school bus.

81.     Each unlawful policy, custom, and practice of these defendants actually caused the injuries and damages that Plaintiffs and Roman Young suffered, including the sustained, serial, and repeated abuse bullying, harassment, and assault of Roman Young, as well as Roman Young's death.

82.     Each unlawful policy, custom, and practice of these defendants was officially promulgated by each of these defendant's officers and officials, all of whom had legal and supervisory authority to issue, promulgate, create, and enforce each of these unlawful policies, customs, and practices, which these officers and officials, in fact, did. This includes each of these defendant's principals and superintendents in charge of each school district and school at the time of the events giving rise to the claims brought in this action.

83.     Each unlawful policy, custom, and practice of these defendants, given the persistence of these policies over months and years and the defendants' course of conduct as

averred throughout this complaint, was so well-settled and permanent as to virtually constitute law.

84.     Each unlawful policy, custom, and practice of these defendants was deliberately indifferent to the health and safety of the children and students to whom these defendants owed a duty, including Roman Young, and shocks the conscience.

85.     Each unlawful policy, custom, and practice of these defendants violated Roman Young's clearly established constitutional rights to bodily integrity, intrusion upon personal security, and bodily security, and to not be affirmatively placed into an environment in which it is clear that harm is likely to occur.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT III – *MONELL* CLAIM FOR FAILURE TO TRAIN PURSUANT TO 42 U.S.C. § 1983
**Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center**

86.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

87.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, at all times failed to adequately train their agents and employees, including those individuals who had direct contact with Roman Young, on the proper and legal means and methods of addressing, handling, responding to, and remediating bullying of students.

88.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, at all times failed to adequately train their agents and employees, including those individuals who had direct contact with Roman Young, on the proper and legal means and

methods of evaluating, detecting, responding to, and addressing signs of self-harming behaviors and suicide in students.

89.     Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, at all times failed to adequately train their agents and employees, including those individuals who had direct contact with Roman Young, on the proper and legal means and methods of ensuring the safety of students to and from school being transported by school bus.

90.     These defendants' failure to adequately train their employees and agents was the moving force behind and the cause of the injuries and damages that Plaintiffs and Roman Young suffered, including the sustained, serial, and repeated abuse, bullying, assault, and harassment of Roman Young, as well as Roman Young's death.

91.     The magnitude and severity of these defendants' failure to provide adequate training constitutes deliberate indifference to the health and safety of the children and students to whom these defendants owed a duty, including Roman Young, and shocks the conscience.

92.     These defendants' failure to provide adequate training violated Young's clearly established constitutional rights to bodily integrity, intrusion upon personal security, and bodily security, and to not be affirmatively placed into an environment in which it is clear that harm is likely to occur.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT IV – STATE-CREATED DANGER PURSUANT TO 42 U.S.C. § 1983
**Plaintiffs v. Defendant Amity Township Police Department**

93.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

19

94.     As averred throughout this Complaint, the psychological, emotional, and mental harm caused to plaintiffs, David Barrett Young III and Michele Young, by Amity Township Police Department was foreseeable to defendants and fairly direct.

95.     Defendant, Amity Township Police Department, has affirmatively, intentionally, repeatedly, and knowingly harassed plaintiffs in an effort to prevent plaintiffs from obtaining information plaintiffs are entitled to about the days and circumstances leading up to the death of their 9 year-old son, Roma Young.

96.     Defendant, Amity Township Police Department, has affirmatively utilized its law enforcement officers to follow, stalk, and harass plaintiffs in an effort to prevent plaintiffs from obtaining information plaintiffs are entitled to about the days and circumstances leading up to the death of their 9 year-old son, Roman Young.

97.     Defendant, Amity Township Police Department, has affirmatively used its authority to lie to plaintiffs about the findings of the investigation into their son Roman Young's death, including by falsely telling plaintiffs that Amity Township Police Department had no evidence that Roman was being bullied or harassed in school despite the fact that Amity Township Police Department did have direct evidence that Roman had been bullied and harassed at school.

98.     Defendant, Amity Township Police Department, has affirmatively misused its authority to pervert the investigation into the death of Roman Young by manipulating and taking advantage of the marital relationship between Detective Shawn O'Rourke (an Amity Township Police Department employee) and Jessica O'Rourke (guidance counselor for the school defendants). Defendant, Amity Township Police Department, has affirmatively misused its authority in this manner for the sole aim of preventing plaintiffs from obtaining information that

plaintiffs are entitled to, and which would impose the defendants to significant civil liability exposure.

99.     Defendant, Amity Township Police Department, has affirmatively misused its authority to employ tactics and methods to investigate the death of Roman Young that Amity Township Police Department knows are unlawful, biased, and violate its own internal protocols for investigations. Defendant, Amity Township Police Department, has affirmatively misused its authority in this manner for the sole aim and goal of preventing the investigation from exposing the immense civil liability of defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, for their egregious actions and inactions which led up to and caused the death of Roman Young.

100.    The affirmative actions and conduct of the Amity Township Police Department described above has placed plaintiffs, David Barrett Young III and Michele Young, in an environment where they have been subjected to unlawful harassment and stalking by law enforcement officials, and wrongly and unlawfully made to feel as if they are the suspects of a criminal investigation. This has caused severe and permanent emotional and psychological distress to both plaintiffs.

101.    At all times, Amity Township Police Department, knew that their affirmative actions and misuse of their authority as described throughout this Complaint would place the plaintiffs in an environment where they would suffer severe and permanent emotional and psychological distress.

102.    The conduct and affirmative misuse of the authority by Amity Township Police Department, particularly in light of the fact that Amity Township Police Department has at all times known the plaintiffs are grieving the loss of their 9 year-old son, shocks the conscience.

103.    At all times, a special relationship existed between defendant, Amity Township Police Department and the plaintiffs. These defendants were responsible for properly investigating the death of plaintiffs' minor child as required of a governmental law enforcement agency, and to do so properly and within the confines of the law.

104.    Plaintiffs' relationship to defendant, Amity Township Police Department, made plaintiffs a discrete class of persons subjected to potential harm brought about by these defendants actions, as opposed to a member of the public in general.

105.    Had defendant, Amity Township Police Department, not misused its authority in the ways that they did averred throughout this Complaint, plaintiffs, David Barrett Young III and Michele Young would not have suffered and sustained the permanent and irreversible emotional and psychological damage that they did suffer and sustain as a result of this defendant's conduct.

106.    Defendant Amity Township Police Department's affirmative use of their authority repeatedly rendered plaintiffs more vulnerable to danger than had this defendant not acted at all and increased the risk of danger and harm to plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT V – *MONELL* CLAIM FOR UNLAWFUL CUSTOMS, PRACTICES, AND POLICIES PURSUANT TO 42 U.S.C. § 1983
### Plaintiffs v. Defendant Amity Township Police Department

107.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

108.     Defendant, Amity Township Police Department, maintained, enforced, and promulgated unlawful and deliberately indifferent official customs, practices, and policies with respect to performing investigations into the death of residents within their jurisdiction.

109.     To this end, defendant, Amity Township Police Department, intentionally disregarded and ignored known lawful means of gathering evidence, conducting interviews, and performing an investigation into the death of residents, including Roman Young.

110.     Defendant, Amity Township Police Department, had a pattern, practice, custom, and policy of consciously disregarding established law-enforcement guidelines for conducting death investigations and, instead, employed unlawful and biased means of investigating which included favoring and protecting family members of the police department who had involvement and potential liability in the death of the victim involved. Defendant, Amity Township Police Department, employed these unlawful customs, practices, policies, and patterns with respect to the investigation of the death of Roman Young.

111.     Each unlawful policy, custom, and practice of defendant, Amity Township Police Department, actually caused the injuries and damages that plaintiffs suffered, including severe emotional distress, psychological damage, mental anguish, embarrassment, humiliation, anxiety, and depression.

112.     Each unlawful policy, custom, and practice of defendant, Amity Township Police Department, was officially promulgated by this defendant's officials, all of whom had legal and supervisory authority to issue, promulgate, create, and enforce each of these unlawful policies, customs, and practices, which these officers and officials, in fact, did. This includes each of this defendant's chief of police and detectives, including Detective Shawn O'Rourke.

23

113.    Each unlawful policy, custom, and practice of defendant, Amity Township Police Department, given the persistence of these policies over months and years and this defendant's course of conduct as averred throughout this complaint, was so well-settled and permanent as to virtually constitute law.

114.    Each unlawful policy, custom, and practice of these defendants was deliberately indifferent to the health and safety of family members who have lost a family member who has died who is the subject of a law enforcement investigation, and shocks the conscience.

115.    Each unlawful policy, custom, and practice of these defendants violated plaintiffs' clearly established constitutional rights to a lawful and thorough investigation into the death of their family member, personal security, Fourth Amendment right to be free from unreasonable search and seizure, due process, and right to not be lied to by law enforcement regarding the circumstances of an investigation involving the death of their immediate family member.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT VI – *MONELL* CLAIM FOR FAILURE TO TRAIN PURSUANT TO 42 U.S.C. § 1983
**Plaintiffs v. Defendant Amity Township Police Department**

116.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

117.    Defendant, Amity Township Police Department, at all times failed to adequately train their agents and employees, including those individuals directly involved in the investigation of the death of Roman Young, on the proper and legal means and methods of investigating deaths.

118.    Defendant, Amity Township Police Department, at all times failed to adequately train their agents and employees, including those individuals directly involved in the investigation of the death of Roman Young, on the proper and legal means and methods of dealing with a victim/decedent's family members and transmitting accurate information during an investigation.

119.    Defendant, Amity Township Police Department, at all times failed to adequately train their agents and employees, including those individuals directly involved in the investigation of the death of Roman Young, on conflicts of interest, impartiality, and recusal in circumstances where it is improper and/or unlawful for a particular law enforcement officer to be involved in the investigation of a particular incident.

120.    Defendant, Amity Township Police Department, at all times failed to adequately train their agents and employees, including those individuals directly involved in the investigation of the death of Roman Young, on the proper and legal means and methods of collecting and gathering evidence.

121.    This defendant's failure to adequately train their employees and agents was the moving force behind and the cause of severe emotional distress, permanent psychological damages, embarrassment, humiliation, trauma, anxiety, and depression of the plaintiffs, David Barrett Young III and Michele Young.

122.    The magnitude and severity of these defendants' failure to provide adequate training constitutes deliberate indifference to the wellbeing of the residents whom they serve, and shocks the conscience.

123.    These defendants' failure to provide adequate training violated plaintiffs' clearly established constitutional rights to a lawful and thorough investigation into the death of their family member, personal security, Fourth Amendment right to be free from unreasonable search

and seizure, due process, and right to not be lied to by law enforcement regarding the circumstances of an investigation involving the death of their immediate family member.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT VII – NEGLIGENCE/RECKLESSNESS/ACTUAL MALICE/WILLFUL MISCONDUCT
**Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center**

124.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

125.    Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, by and through their agents and employees, were each negligent and reckless, and acted with actual malice and willful misconduct in their acts and omissions, in one or more of the following ways:

a)   Ignoring obvious signs that Roman Young was being bullied;

b)   Ignoring obvious signs that Roman Young was being abused and assaulted;

c)   Ignoring obvious signs that Roman Young was being harassed;

d)   Ignoring obvious signs that Roman Young was at risk for self-harm;

e)   Ignoring obvious signs that Roman Young was at risk for suicide;

f)   Failing to address Roman Young's severe emotional and psychological distress, which manifested in crying, vomiting, and severe anxiety;

g)   Misrepresenting to plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school;

26

h) Concealing from plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school;

i) Failing to properly address, respond to, and remediate the bullying, harassment, abuse, and assault of Roman Young;

j) Failing to properly assess Roman Young;

k) Failing to properly address, respond to, and intervene in response to Roman Young's obvious signs of depression, anxiety, and significant potential for self-harming behaviors and/or suicide;

l) Failing to properly communicate with all members of the school who were involved in Roman's care, including his teacher, guidance counselor, school nurse, principal, and superintendent regarding Roman's wellbeing or lack thereof;

m) Failure to provide adequate and timely resources and services to Roman Young to address his issues and him being bullied, harassed, abused, and assaulted at school;

n) Failure to enforce and/or implement adequate policies and procedures with respect to investigating, responding to, and addressing instances of bullying, harassment, abuse, or assault of students;

o) Failure to enforce and/or implement adequate policies and procedures with respect to assessing, evaluating, responding to, and providing services for students who are at risk for depression, anxiety, self-harm, and/or suicide;

p) Failure to enforce and/or implement adequate policies and procedures with respect to ensuring all students who use school-provided transportation via school bus are safe, secure, and free from bullying, harassment, abuse, and assault while being transported to and from school;

q) Failure to adequately and timely communicate with employees and agents of Krise Transportation, Inc., regarding their students' wellbeing, bullying, and harassment, including that of Roman Young;

r) Knowingly allowing Roman Young to continue to be bullied, assaulted, and harassed while at defendants' school;

s) Failure to properly communicate with Roman Young's parents (plaintiffs) regarding how Roman Young was doing mentally, emotionally, and psychologically while at defendants' school;

t) Failure to properly supervise and attend to Roman Young's needs while he was at defendants' school;

u) Failure to properly discipline, intervene on, and address classmates and students at defendants' school who bully, harass, assault, and torment their fellow classmates;

v) Failure to use reasonable care in the selection, hiring, and retention of guidance counselors to ensure that all school nurses were competent to, at all times, properly assess and provide services to students in need or suffering from emotional, mental, or psychological distress; and/or

w) Failure to use reasonable care in the selection, hiring, and retention of guidance counselors to ensure that all school guidance counselors were competent to, at all times, properly assess and provide services to students in need or suffering from emotional, mental, or psychological distress.

126. As a direct and proximate result and cause of the negligent, reckless, unlawful, willful, and malicious acts and omissions of these defendants, Plaintiffs suffered the injuries and

damages set forth in this Complaint, and Roman Young suffered the injuries and damages set forth in this Complaint.

127.    At all times material hereto, the defendants' agents and employees involved directly in the negligent, reckless, unlawful, willful, and malicious acts and omissions averred throughout this Complaint were acting within the course and scope of their employment and/or agency relationship with defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, over whom these defendants had control and right of control.

128.    The negligent, reckless, unlawful, willful, and malicious acts and omissions of these defendants caused Roman Young's injuries, damages, and death.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT VIII – NEGLIGENCE/RECKLESSNESS/ACTUAL MALICE/WILLFUL MISCONDUCT
### Plaintiffs v. Defendant Amity Township Police Department

129.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

130.    Defendant, Amity Township Police Department, by and through its agents and employees, were each negligent and reckless, and acted with actual malice and willful misconduct in their acts and omissions, in one or more of the following ways:

a)  Intentionally ignoring and concealing evidence in the investigation of the death of Roman Young for the purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability;

b)  Misrepresenting and lying to the plaintiffs about the facts of their son's death investigation;

c)  Stalking plaintiffs;

d)  Failing to ensure Detective Shawn O'Rourke was recused and not involved at all in the investigation into the death of Roman Young given Detective O'Rourke's marital relationship to Jessica O'Rourke (Roman Young's guidance counselor who encountered Roman the day before Roman's suicide death);

e)  Following plaintiffs in department-issued vehicles;

f)  Harassing plaintiffs;

g)  Threatening plaintiffs;

h)  Treating plaintiffs as if they were the subject of a criminal investigation when plaintiffs had done nothing wrong or unlawful;

i)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper investigation of incidents and deaths;

j)  Failing to properly investigate and pursue evidence involving the circumstances surrounding the death of Roman Young;

k)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines with respect to conflict of interest, impartiality, bias, and recusal during investigations of incidents and deaths; and/or

l)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper gathering and securing of evidence during investigations.

131.    As a direct and proximate result and cause of the negligent, reckless, unlawful, willful, and malicious acts and omissions of this defendant, Plaintiffs suffered the injuries and damages set forth in this Complaint.

132.    At all times material hereto, this defendant's agents and employees involved directly in the negligent, reckless, unlawful, willful, and malicious acts and omissions averred throughout this Complaint were acting within the course and scope of their employment and/or agency relationship with defendant, Daniel Amity Township Police Department, over whom this defendant had control and right of control.

133.    The negligent and reckless acts and omissions of this defendant caused severe and permanent emotional distress, psychological damage, mental anguish, depression, and anxiety, to plaintiffs, David Barrett Young III and Michele Young.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## COUNT IX – NEGLIGENCE AND RECKLESSNESS
### Plaintiffs v. Defendant, Krise Transportation, Inc.

134.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

135.    Defendant, Krise Transportation, Inc., by and through its agents and employees, was negligent and reckless in one or more of the following ways:

a) Failing to communicate to defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, that Roman Young was being bullied, harassed, and/or assaulted on the school bus;

b) Failing to communicate to parents, including plaintiffs, that Roman Young was being bullied, harassed, and/or assaulted on the school bus;

c) Ignoring obvious signs that Roman Young was being bullied;

d) Ignoring obvious signs that Roman Young was being abused and assaulted;

e)   Ignoring obvious signs that Roman Young was being harassed;

f)   Ignoring obvious signs that Roman Young was at risk for self-harm;

g)   Ignoring obvious signs that Roman Young was at risk for suicide;

h)   Failing to timely and adequately intervene to address and stop the bullying, harassment, and assaults on Roman Young on the school bus;

i)   Failing to address Roman Young's severe emotional and psychological distress, which manifested in crying, vomiting, and severe anxiety;

j)   Failing to properly address, respond to, and remediate the bullying, harassment, abuse, and assault of Roman Young;

k)   Failing to properly assess Roman Young;

l)   Failing to properly address, respond to, and intervene in response to Roman Young's obvious signs of depression, anxiety, and significant potential for self-harming behaviors and/or suicide;

m)  Failing to properly report the abuse, harassment, assault, and bullying of Roman Young on the school bus;

n)   Failure to enforce and/or implement adequate policies and procedures with respect to investigating, responding to, and addressing instances of bullying, harassment, abuse, or assault of students on the school bus;

o)   Failure to enforce and/or implement adequate policies and procedures with respect to assessing, evaluating, responding to, and providing services for students who are at risk for depression, anxiety, self-harm, and/or suicide;

p)   Failure to enforce and/or implement adequate policies and procedures with respect to ensuring all students who use school-provided transportation via school bus are safe,

secure, and free from bullying, harassment, abuse, and assault while being transported to and from school;

q) Failure to adequately and timely communicate with employees and agents of defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, regarding their students' wellbeing, bullying, and harassment, including that of Roman Young;

r) Failing to properly and transparently participate in law enforcement's investigation and gathering of evidence, including video footage, regarding the days and hours leading up to the death of Roman Young;

s) Failure to properly and timely install functioning videos on all school buses, including the bus(es) on which Roman Young was a passenger;

t) Knowingly allowing Roman Young to continue to be bullied, assaulted, and harassed while on the school bus;

u) Failure to properly communicate with Roman Young's parents (plaintiffs) regarding how Roman Young was doing mentally, emotionally, and psychologically while on the school bus;

v) Failure to properly supervise and attend to Roman Young's needs while he was on the school bus;

w) Failure to properly discipline, intervene on, and address school-bus passengers who bully, harass, assault, and torment their fellow classmates while on the school bus;

x) Failure to use reasonable care in the selection, hiring, and retention of school-bus drivers to ensure that all school-bus drivers were competent to, at all times, properly address, investigate, respond to, remediate, and stop bullying, harassment, assaults, and abuse of students while on the school bus; and/or

y)  Spoliation, destruction, and alteration of evidence, including video footage on the bus;

136.    As a direct and proximate result and cause of the negligent and reckless acts and omissions of this defendant, Plaintiffs suffered the injuries and damages set forth in this Complaint, and Roman Young suffered the injuries and damages set forth in this Complaint.

137.    At all times material hereto, this defendant's agents and employees involved directly in the negligent and reckless acts and omissions averred throughout this Complaint were acting within the course and scope of their employment and/or agency relationship with defendant, Krise Transportation, Inc., over whom this defendant had control and right of control.

138.    The negligent and reckless acts and omissions of this defendant caused Roman Young's injuries, damages, and death.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT X – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs v. Defendant Amity Township Police Department

139.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

140.    Defendant, Amity Township Police Department, by and through its agents and employees, at all times acted intentionally and recklessly, in one or more of the following ways:

a)  Intentionally ignoring and concealing evidence in the investigation of the death of Roman Young for the purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability;

b)  Misrepresenting and lying to the plaintiffs about the facts of their son's death investigation;

c)  Stalking plaintiffs;

34

d)  Intentionally refusing to recuse Detective Shawn O'Rourke from the investigation into the death of Roman Young despite Detective O'Rourke's marital relationship to Jessica O'Rourke (Roman Young's guidance counselor who encountered Roman the day before Roman's suicide death) for the purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability;

e)  Following and stopping plaintiffs in department-issued vehicles;

f)  Harassing plaintiffs;

g)  Threatening plaintiffs;

h)  Treating plaintiffs as if they were the subject of a criminal investigation when plaintiffs had done nothing wrong or unlawful;

i)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper investigation of incidents and deaths for the purpose of protecting a family member of the police department from civil and/or criminal liability;

j)  Failing to properly investigate and pursue evidence involving the circumstances surrounding the death of Roman Young for the purpose of protecting a family member of the police department from civil and/or criminal liability;

k)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines with respect to conflict of interest, impartiality, bias, and recusal during investigations of incidents and deaths for the purpose of protecting a family member of the police department from civil and/or criminal liability; and/or

l)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper gathering and securing of evidence during investigations for the

purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability.

141.    This conduct by defendant, Amity Township Police Department, was extreme and outrageous so as to go beyond the bounds of all decency and be utterly intolerable in a civilized community.

142.    As a direct and proximate result and cause of the negligent, reckless, unlawful, willful, and malicious acts and omissions of this defendant, Plaintiffs suffered the injuries and damages set forth in this Complaint.

143.    At all times material hereto, this defendant's agents and employees involved directly in the negligent, reckless, unlawful, willful, and malicious acts and omissions averred throughout this Complaint were acting within the course and scope of their employment and/or agency relationship with defendant, Daniel Amity Township Police Department, over whom this defendant had control and right of control.

144.    The negligent and reckless acts and omissions of this defendant caused severe and permanent emotional distress, psychological damage, mental anguish, depression, and anxiety, to plaintiffs, David Barrett Young III and Michele Young.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

### COUNT XI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**Minor-Plaintiff C.Y. v. All Defendants**

145.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

146.    Minor-plaintiff, C.Y., was at all times, the brother of decedent, Roman Young.

147.    Minor-plaintiff, C.Y., was home alone with his brother, Roman Young, on the date and time that Roman Young committed suicide.

148.    As averred throughout this complaint, the negligence and wrongful conduct of the defendants caused the death of minor-plaintiff C.Y.'s brother, Roman Young.

149.    On September 8, 2022, minor-plaintiff, C.Y., contemporaneously observed and witnessed his brother, Roman Young, suffering and bleeding out from a self-inflicted gunshot wound.

150.    Minor-plaintiff, C.Y., personally observed and witnessed firsthand his brother, Roman Young, dead due to a self-inflicted gunshot wound to the head.

151.    Minor-plaintiff C.Y.'s personal and contemporaneous observation of his brother Roman Young in a pool of blood suffering from and eventually dying from a self-inflicted gunshot wound to the head was a discrete and identifiable traumatic event which caused severe, permanent, and irreversible psychological and emotional damage and harm to minor-plaintiff, C.Y., which has manifested itself physically.

152.    Minor-plaintiff, C.Y., contemporaneously witnessed the injury that his brother, Roman Young, suffered which caused Roman Young's death.

153.    But for the negligence and recklessness of the defendants, as averred throughout this complaint, minor-plaintiff, C.Y., would never have suffered or sustained this severe emotional distress as a result of witnessing his brother's suicide injury and death.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

**COUNT XII – FRAUD**
**Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area**
**Intermediate Center**

154.   The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

155.   Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, repeatedly made representations to plaintiffs, David Barrett Young III and Michele Young, that were material to the transaction at hand, made falsely with knowledge of the falsity of their statements or recklessness as to whether the statements were true, and with intent of misleading the plaintiffs into relying upon these false statements.

156.   Plaintiffs, David Barrett Young III and Michele Young, at all times, justifiably relied upon these materially false statements made by these defendants to David Barrett Young III and Michele Young, and the plaintiffs suffered injuries and damages, including severe emotional distress, psychological damage, embarrassment, humiliation, depression, and anxiety as a direct and proximate result and cause of the reliance on these false statements.

157.   The materially false statements made by these defendants, by and through their agents and employees, include the following:

a) Telling plaintiffs that plaintiffs were not "allowed" to speak with guidance counselor O'Rourke about how plaintiffs' son, Roman Young, was doing on September 7, 2022, when guidance counselor O'Rourke saw Roman Young the day before Roman died;

b) Telling plaintiff, David Barrett Young III, that he was engaging in disorderly conduct that prohibited him from being allowed onto school properly when no such conduct was ever committed by David Barrett Young III;

c)  Falsely telling plaintiffs they had no evidence Roman Young was doing badly in the days leading up to Roman's death;

d)  Falsely accusing plaintiff, David Barrett Young III, of committing a crime despite knowing Mr. Young had committed no crime;

e)  Concealing from plaintiffs the full and complete facts and information regarding their son Roman's interaction with the school guidance counselor on September 7, 2022, the day before Roman died by way of suicide;

f)  Concealing from plaintiffs evidence of these defendants' knowledge of Roman's severe psychological distress leading up to the day Roman committed suicide;

g)  Falsely telling plaintiffs that Roman Young was not bullied or mistreated at school when he was bullied and mistreated at school;

h)  Concealing from plaintiffs that Roman Young was assaulted and punched at school;

i)  Misrepresenting to plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school; and/or

j)  Concealing from plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school.

158.   As a direct and proximate result and cause of the fraudulent conduct of these defendants, plaintiffs, David Barrett Young III and Michele Young, suffered injury and damages, including severe emotional distress, psychological harm and damage, embarrassment, humiliation, anxiety, and depression.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## COUNT XIII – FRAUD
### Plaintiffs v. Defendant, Amity Township Police Department

159.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

160.    Defendant, Amity Township Police Department, repeatedly made representations to plaintiffs, David Barrett Young III and Michele Young, that were material to the transaction at hand, made falsely with knowledge of the falsity of their statements or recklessness as to whether the statements were true, and with intent of misleading the plaintiffs into relying upon these false statements.

161.    Plaintiffs, David Barrett Young III and Michele Young, at all times, justifiably relied upon these materially false statements made by this defendant to David Barrett Young III and Michele Young, and the plaintiffs suffered injuries and damages, including severe emotional distress, psychological damage, embarrassment, humiliation, depression, and anxiety as a direct and proximate result and cause of the reliance on these false statements.

162.    The materially false statements made by defendant, Amity Township Police Department, by and through their employees and agents, include the following:

a)  Falsely telling plaintiffs that Roman Young was not bullied or mistreated at school when he was bullied and mistreated at school;

b)  Falsely telling plaintiffs that their investigation had not uncovered any evidence that Roman Young was bullied or mistreated at school despite having obtain direct evidence, including eyewitness statements, that Roman Young had been bullied and abused in the days leading up to Roman's suicide death;

c) Telling plaintiff, David Barrett Young III, that he was engaging in disorderly conduct that prohibited him from being allowed onto school properly when no such conduct was ever committed by David Barrett Young III;

d) Falsely telling plaintiffs they had no evidence Roman Young was doing badly in the days leading up to Roman's death;

e) Falsely accusing plaintiff, David Barrett Young III, of committing a crime despite knowing Mr. Young had committed no crime;

f) Concealing from plaintiffs evidence of these defendants' knowledge of Roman's severe psychological distress leading up to the day Roman committed suicide;

g) Falsely telling plaintiffs that Roman Young was not bullied or mistreated at school when he was bullied and mistreated at school;

h) Concealing from plaintiffs that Roman Young was assaulted and punched at school;

i) Misrepresenting to plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school; and/or

j) Concealing from plaintiffs the nature of the abuse, harassment, and bullying that Roman Young was experiencing at defendants' school.

163.    As a direct and proximate result and cause of the fraudulent conduct of defendant, Amity Township Police Department, plaintiffs, David Barrett Young III and Michele Young, suffered injury and damages, including severe emotional distress, psychological harm and damage, embarrassment, humiliation, anxiety, and depression.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## COUNT XIV – CIVIL CONSPIRACY
**Plaintiffs v. Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center**

164.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

165.    Defendants, Daniel Boone Area School District and Daniel Boone Area Intermediate Center, at all times material hereto, engaged in a civil conspiracy with defendant, Amity Township Police Department.

166.    Defendants, Daniel Boone Area School District, Daniel Boone Area Intermediate Center, and Amity Township Police Department, at all times combined to act with a common purpose to do an illegal act or do a lawful act by unlawful means or for an unlawful purpose during the pendency of the investigation into the circumstances leading up to the death of Roman Young.

167.    Defendants, Daniel Boone Area School District, Daniel Boone Area Intermediate Center, and Amity Township Police Department, committed various overt acts in furtherance and in pursuance of their common purpose and conspiracy, including:

a)  Lying to plaintiffs about what the facts of their investigation had revealed, including by fraudulently and falsely telling plaintiffs that they had not uncovered any evidence that Roman Young was being bullied when they had, in fact, uncovered and obtained this exact evidence;

b)  Aggressively telling plaintiffs that plaintiffs were "not allowed" to speak to Jessica O'Rourke (school guidance counselor/Detective O'Rourke's wife) to answer questions about how plaintiffs' son, Roman Young, was doing the day before Roman died for the purpose of protecting one of the detective's wives and her employer from potential civil or criminal liability;

c) Directly communicating with each other, including by and through Detective O'Rourke and Jessica O'Rourke, to conspire as to how to manipulate the outcome and facts of the investigation so as to protect Jessica O'Rourke and her employer from potential civil or criminal liability;

d) Intentionally ignoring and concealing evidence in the investigation of the death of Roman Young for the purpose of protecting one of the detective's wives and her employer from potential civil or criminal liability;

e) Misrepresenting and lying to the plaintiffs about the facts of their son's death investigation for the purpose of protecting one of the detective's wives and her employer from potential civil or criminal liability;

f) Stalking plaintiffs;

g) Intentionally refusing to recuse Detective Shawn O'Rourke from the investigation into the death of Roman Young despite Detective O'Rourke's marital relationship to Jessica O'Rourke (Roman Young's guidance counselor who encountered Roman the day before Roman's suicide death) for the purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability;

h) Following and stopping plaintiffs in department-issued vehicles;

i) Harassing plaintiffs;

j) Threatening plaintiffs;

k) Treating plaintiffs as if they were the subject of a criminal investigation when plaintiffs had done nothing wrong or unlawful;

l)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper investigation of incidents and deaths for the purpose of protecting a family member of the police department from civil and/or criminal liability;

m) Failing to properly investigate and pursue evidence involving the circumstances surrounding the death of Roman Young for the purpose of protecting a family member of the police department from civil and/or criminal liability;

n)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines with respect to conflict of interest, impartiality, bias, and recusal during investigations of incidents and deaths for the purpose of protecting a family member of the police department from civil and/or criminal liability; and/or

o)  Disregarding and ignoring well-established law enforcement protocols, policies, and guidelines, for the proper gathering and securing of evidence during investigations for the purpose of protecting one of this defendant's detective's wife from potential civil or criminal liability.

168.    These defendants at all times acted with malice and an intent to injure the plaintiffs.

169.    As a direct and proximate result and cause of these defendants' civil conspiracy, plaintiffs, David Barrett Young III and Michele Young, suffered actual legal damage, including severe emotional distress, psychological damage and harm, anxiety, embarrassment, humiliation, and depression.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## FIRST CAUSE OF ACTION – WRONGFUL DEATH
### Plaintiffs v. All Defendants

170.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

171.    Plaintiffs bring this action under and by virtue of the Wrongful Death Act, 42 Pa. C.S. § 8301, and the applicable Rules of Civil Procedure and decisional law.

172.    Under Pennsylvania's Wrongful Death Act, Plaintiff's Decedent, Roman Young, left surviving adult individuals who may be entitled to recover damages, including Plaintiffs, David Barrett Young III (decedent's father) and Michele Young (decedent's mother).

173.    As a cause and result of the wrongful conduct, constitutional violations, unlawful conduct, negligence, and recklessness of the Defendants set forth throughout this Complaint, Plaintiff's Decedent, Roman Young, was caused serious and grave injuries including death, resulting in an entitlement to damages under the Wrongful Death Act.

174.    Plaintiffs, as the Administrators of the Estate of Roman Young, Deceased, claim the full measure of damages recoverable under the Wrongful Death Act.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

## SECOND CAUSE OF ACTION– SURVIVAL ACTION
### Plaintiffs v. All Defendants

175.    The preceding paragraphs of this Complaint are incorporated as though fully set forth therein.

176.    Plaintiffs bring this Survival Action on behalf of the Estate of Roman Young, Deceased, under and by virtue of the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and the applicable Rules of Civil Procedure and decisional law.

177.    As a cause and result of the wrongful conduct, constitutional violations, unlawful conduct, negligence, and recklessness of the Defendants set forth throughout this Complaint, Plaintiff's Decedent, Roman Young, was caused serious and grave injuries including death, resulting in an entitlement to damages under the Survival Act.

178.    On behalf of the Survival Act beneficiaries, plaintiffs claim all damages available under the Survival Act, including but not limited to all economic damages and non-economic damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants individually, jointly and severally, including punitive damages, for sums in excess of $75,000, exclusive of interest, prejudgment interest and costs.

Respectfully submitted,

**BOSWORTH LAW LLC**

Date: 9/8/24                              By: _____

THOMAS E. BOSWORTH, ESQUIRE
123 South Broad Street, Suite 1100
Philadelphia, PA 19109
Phone: (267) 928-4183
Email: tom@tombosworthlaw.com
Website: www.tombosworthlaw.com